UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION

HUBERT TIMOTHY SPRAYBERRY,  :
             :
     Plaintiff  :
             :
   VS.       :
             :  CIVIL ACTION NO.: 7:08-CV-27 (HL)
J. DARRELL HART, TED PHILBIN,  :
JACK MELTON,      :
             :  **RECOMMENDATION**
     Defendants  :
_____:

Plaintiff **HUBERT TIMOTHY SPRAYBERRY**, an inmate at Valdosta State Prison in

Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He also seeks

leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. §

1915(a).  In a separate Order entered on this date, the Court has granted his motion to proceed *in*

*forma pauperis*.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma*

*pauperis* complaint against a governmental entity or officer or employee of a governmental entity

at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from such relief.   A claim is frivolous "where it lacks an arguable basis either in law or in

fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to

state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***,

416 U.S. 232 (1974).        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he told Mr. Smith (not named as a defendant in this action) that two (2) African American inmates were "trying to get a race roit (sic) started Thanksgiving weekend." Plaintiff states that nothing was done.  Plaintiff alleges that on November 21, 2007, he reported the same information to Lt. Melton.  According to plaintiff, Lt. Melton ordered that the two inmates be locked down.  Plaintiff states that he was told to return to his dorm.  Plaintiff explains that on that same afternoon he was attacked and severely beaten because "of the way security did things made it pla[i]n [that plaintiff] was the one who told [of the race riot]."

Plaintiff states that he was taken to the medical unit, where Ms. Chede (not named as a defendant) shaved and bandaged his head.  Plaintiff alleges that the next day, Dr. Moody (not named as a defendant) placed 22 stitches in his head.  Plaintiff states that x-rays were taken of his foot, but not of his head.  Plaintiff explains that he still suffers from headaches and dizziness and has filed numerous sick calls.   Plaintiff states that Nurse Fry (not named as a defendant) told him that his headaches have nothing to do with his head injury and she signed him up to see an "eye doctor." Plaintiff explains that he never had headaches and dizziness before his "head was busted open."

Plaintiff explains that he has written Warden Hard, but has received no response.

Plaintiff has named Ted Philbin, Deputy Warden of Care/Treatment, as a defendant in the heading of his complaint. However, he makes no allegations at all regarding this defendant in the body of his complaint. In fact, he never mentions why he has named Mr. Philbin as a defendant. This alone is sufficient reason to recommend dismissal of Ted Philbin. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Moreover, to any extent that plaintiff has named Mr. Philbin because he is a supervisor or warden, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Ted Philbin was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Mr. Philbin responsible for plaintiff's alleged constitutional deprivations. Accordingly, it is **RECOMMENDED** that Ted Philbin be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

**SO RECOMMENDED**, this 20th day of February, 2008.


_/s/ Richard L. Hodge_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE



lnb