IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

HUBERT SPRAYBERRY,                    :
                                      :
           Plaintiff                  :
                                      :
                                      :
     VS.                              :        **7 : 08-CV-27 (HL)**
                                      :
J. DARRELL HART and JACK MELTON,      :
                                      :
                                      :
           Defendants.                :
_____

## RECOMMENDATION

The plaintiff filed this action in February 2008, raising allegations of deliberate

indifference to serious threats of harm from his fellow inmates and deliberate indifference to his

serious medical needs.  Presently pending herein is the defendants' Motion to Dismiss, based in

part on the plaintiff's alleged failure to exhaust his administrative remedies pursuant to the

Prison Litigation Reform Act.  Additionally, the plaintiff has filed two (2) motions for summary

judgment.

### *Background*

The plaintiff alleges that on November 19, 2007, while he was confined at Valdosta State

Prison, he informed prison officials that two African-American inmates were planning a "race

riot" during Thanksgiving weekend in a portion of the prison.  On November 21, 2007, the

plaintiff was called in to see Lt. Melton and another officer to repeat his allegations.  The two

African-American inmates were sent to segregation and plaintiff was returned to his cell.  Later

that evening, an inmate identified by the plaintiff as a friend of one of the African-American

inmates, attacked the plaintiff, allegedly for reporting the race riot plans.  Plaintiff was taken to

medical and later received 22 staples to close a head injury suffered in the attack.

***Motion to Dismiss***

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

The defendants maintain that although the plaintiff did file an informal grievance on January 10, 2008, alleging that security failed to protect him from the November 21, 2007, attack, he did not file a formal grievance regarding the claims of deliberate indifference to a serious threat of harm underlying this lawsuit.  Plaintiff filed but did not appeal the denial of a grievance alleging that Dr. Moody failed to properly treat his head injury.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal.  *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).  Herein, the plaintiff clearly failed to fully exhaust the administrative

grievance system regarding the claims underlying this lawsuit.  Although the plaintiff claims that

he filed grievances as soon as he was provided with grievance forms by prison authorities, the

defendants point out that the plaintiff filed grievances related to other matters during the time

period he claims to have spent waiting on grievance forms for the claims herein.  As the

defendants point out, it appears that the plaintiff received grievance forms but did not timely

grieve the events underlying this suit, later abandoning the grievance process and failing to fully

exhaust the grievance process.

The court must conclude that plaintiff's claims remain unexhausted, therefore barring a § 1983

action based thereon.  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides

a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from

prison conditions must file a grievance and exhaust the remedies available under that procedure

before pursuing a § 1983 lawsuit.").  Accordingly, it is the recommendation of the undersigned

that the defendants' Motion to Dismiss be **GRANTED**.

### *Plaintiff's motions for summary judgment*

In his motions for summary judgment, the plaintiff seeks an entry of judgment in his favor,

apparently to "make things easier [sic] for everyone".  Inasmuch as the plaintiff has failed to

make any summary judgment showing whatsoever, it is the recommendation of the undersigned

that the plaintiff's motions be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these

recommendations with the Honorable Hugh Lawson, United States District Judge, WITHIN

TEN (10) DAYS of receipt thereof.

3

**SO RECOMMENDED**, this 15th day of January, 2009.


   /s/ ***Richard L. Hodge***                  
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb